1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARKEE CARTER,                                   No. C 06-7398 SI (pr)

             Petitioner,                         **ORDER TO SHOW CAUSE**

      v.

ROBERT AYERS,

             Respondent.
                                            /

## INTRODUCTION

Markee Carter, a prisoner incarcerated at San Quentin State Prison, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Carter was found guilty in a prison disciplinary proceeding of conspiracy to introduce a controlled substance into a penal institution.  He apparently was assessed a penalty that included forfeiture of 180 days of behavioral time credits.  Carter claims that his due process rights were violated during the disciplinary proceedings.  He alleges that he exhausted his state court remedies for the due process claims raised in his petition before he filed this action.

**United States District Court**
For the Northern District of California

# DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law.  An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence.  See Sandin v. Conner, 515 U.S. 472, 484, 487 (1995).  Due process requires that there be "some evidence" to support the disciplinary decision.  Superintendent v. Hill, 472 U.S. 445, 454 (1985)

Liberally construed, the petition alleges that prison officials' decision was not supported by some evidence.  The claim is cognizable and warrants a response from respondent.

The petition also alleges that the California Court of Appeal erred in applying the some evidence standard to Carter's state habeas petition challenging the prison disciplinary decision.  This claim has two defects.  First, the "some evidence" standard is the correct standard for the judicial review of a disciplinary decision; despite Carter's suggestion to the contrary, the standard does not change when the prisoner asserts actual innocence, as Carter did.  Second,

errors in the state collateral review process are not addressable through federal habeas corpus proceedings because they pertain to the review process itself and do not generally represent an attack on the prisoner's detention.  See Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997); Villafuerte v. Stewart, 111 F.3d 616, 632 n.7 (9th Cir. 1997); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989).  The claim is dismissed.

## CONCLUSION

For the foregoing reasons,

1.    The petition presents a cognizable due process claim that the evidence was insufficient to support the disciplinary decision that resulted in the loss of time credits.

2.    The clerk shall serve by certified mail a copy of this order and the contents of the case file for this action upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall send a copy of this order to petitioner.

3.    Respondent shall file and serve on petitioner, on or before **May 25, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer a copy of all portions of the administrative and state court record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4.    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent on or before **June 29, 2007**.

5.    Petitioner is responsible for prosecuting this case.  He must keep the court and opposing counsel informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: April 2, 2007

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

3